IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN A. BROWNELL,

                Plaintiff,

  v.                                                 OPINION and ORDER

MICHAEL RIVERS, JASON BENZEL, MICHELLE
BURTON, SANDRA DEYOUNG, and WIS. DEP'T OF     22-cv-117-wmc[1]
CORR. C/O KEVIN CARR,

                Defendants.

---

      Pro se plaintiff Steven A. Brownell, who suffers from quadriplegia, alleges that his daily 23-hour isolation is violating his rights under the Eighth Amendment and the Americans with Disabilities Act (ADA). I treated Brownell's ADA claim as a Rehabilitation Act claim and allowed him to proceed on it. I dismissed Brownell's Eighth Amendment claim but allowed him to file a supplement describing the conditions he faces in isolation. I stated that, if the supplement supported an Eighth Amendment claim, I would reinstate the Eighth Amendment claim and allow Brownell to proceed on it against defendants. *See* Dkt. 12.

      Brownell alleges in his supplement, Dkt. 17, that his needs for physical and occupational therapy have been disregarded and that he was housed in medical isolation without proper placement reviews. Because Brownell is incarcerated, I must screen his supplement under 28 U.S.C. § 1915A. I must dismiss any portion of the supplement that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Brownell's allegations as true and construe

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

them generously, holding the supplement to a less stringent standard than one a lawyer drafts. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will allow Brownell to proceed on his claim that defendants have consciously disregarded his medical and mental health needs in violation of the Eighth Amendment, but I will not allow Brownell to proceed on the theory that the general conditions of his medical isolation violated the Eighth Amendment. I will also allow Brownell to proceed on his claim that his medical isolation violates procedural due process.

ANALYSIS

A.  **Eighth Amendment**

I will first analyze Brownell's claim for inadequate medical care. I will then analyze whether Brownell has stated a claim that the general conditions of his medical isolation violate the Eighth Amendment.

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for inadequate medical care, Brownell must show that he had an objectively serious medical condition and that defendants consciously disregarded that condition. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Id.* To show that defendants have consciously disregarded the serious medical condition, Brownell must allege "that the official actually knew of, but disregarded, a substantial risk to the inmate's health." *Id.* A correctional officer may consciously disregard a prisoner's medical needs by "intentionally denying or delaying access

to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05.

Brownell alleges that, as a quadriplegic who is confined to a wheelchair, he needs physical and occupational therapy but has not received these services for two years. As a result, Brownell allegedly has diminished motor skills and muscular atrophy. Brownell also alleges that he has mental health problems due to his quadriplegia but that these needs have been ignored. Read together, the complaint and supplement suggest that defendants knew of but disregarded Brownell's medical and mental health needs. I will allow Brownell to proceed on his inadequate medical care claim against defendants Rivers, Benzel, Burton, DeYoung, and Carr.

In my prior order, I dismissed Brownell's claim that his daily 23-hour isolation violated the Eighth Amendment. I explained that, although Brownell alleged that his isolation was permanent and had feasible alternatives, he failed to "describe the conditions in which []he was held." *See Bradley v. Mahoney*, No. 20-cv-51jdp, 2020 WL 2514224, at *3 (W.D. Wis. May 15, 2020). Brownell's supplement fails to fix this problem. Brownell's allegations support an inadequate medical care claim, but lack sufficient detail to support this alternative theory. Brownell has not described the "nature" or "conditions" of his isolation well enough to support this theory. *See Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017); *Townsend v. Fuchs*, 522 F.3d 765, 772–75 (7th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Procedural due process**

Because Brownell alleges that his isolation lasts 23 hours a day, is permanent, and is seriously harming his mental health, his procedural due process claim warrants further factual development. *See Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). I will allow Brownell to proceed on this claim against

defendants Rivers, Benzel, Burton, DeYoung, and Carr; the allegations in the complaint and supplement suggest that these individuals participated in the alleged deprivation of procedural due process.

## ORDER

IT IS ORDERED that:

1. Plaintiff Steven A. Brownell is GRANTED leave to proceed on his inadequate medical care and procedural due process claims against defendants Rivers, Benzel, Burton, DeYoung, and Carr.

2. Plaintiff's general conditions-of-confinement claim is DISMISSED.

3. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the clerk of court is directed to transmit copies of the supplement, Dkt. 17, and this order to the Attorney General.

4. The clerk of court is directed to send plaintiff a copy of this order.

Entered April 13, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge